UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VETERANS FOR PEACE, GREATER SEATTLE, CHAPTER 92, aka VETERANS FOR PEACE, a nonprofit corporation,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF AUBURN, a municipal corporation,<br><br>Defendant. | No. _____<br><br>**COMPLAINT** |

## I.   INTRODUCTION

1. Defendant City of Auburn has engaged in unlawful viewpoint discrimination by excluding Plaintiff Veterans for Peace, Greater Seattle, Chapter 92 ("Veterans for Peace") from the 2012 Auburn Veterans Day Parade, a parade in which Plaintiff Veterans for Peace has marched for the last six years.

2. The purpose of the 2012 parade is "to positively focus on honoring our country's veterans and active military personnel," and "to give honor to our country's military personnel and veterans and to their military missions of defending freedom around the world." Plaintiff Veterans for Peace "positively focus[es] on honoring" and "give[s] honor" to veterans and active military personnel through its pro-peace message and activities.

COMPLAINT
(Case No.) - 1

**ACLU OF WASHINGTON FOUNDATION**
901 Fifth Avenue 630
Seattle, Washington  98164
(206) 624-2184

3.     Defendant limits parade participation to certain types of groups, including veteran groups such as Plaintiff Veterans for Peace. Claiming that it receives more parade applicants than it can permit to participate, Defendant states that it approves only those applications "that most closely meet the goals and purpose of Auburn's Veterans Day Parade." Although Plaintiff Veterans for Peace has participated in Auburn's Veterans Day Parade previously, this year Defendant denied Plaintiff Veterans for Peace's application to participate in the parade.

4.     Defendant's Veterans Day Parade rules and regulations are unconstitutional on their face and as applied to Plaintiff Veterans for Peace's application in violation of the First Amendment of the United States Constitution because they are unreasonable in light of the purpose served by the forum -- a parade, and are not viewpoint neutral.

## II.     PARTIES

5.     Plaintiff Veterans for Peace is a 501(c)(3) nonprofit corporation and veterans' organization. Veterans for Peace engages in a range of pro-peace activities to increase public awareness of the costs of war, to restrain the federal government from intervening in the internal affairs of other nations, to end the arms race and reduce and eventually eliminate nuclear weapons, to seek justice for veterans and victims of war, and to abolish war as an instrument of national policy.

6.     Defendant City of Auburn is a Washington noncharter code city governed by Chapter 35A.12 RCW. *See* AMC § 1.08.010.

## III.     JURISDICTION AND VENUE

7.     The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1343 (civil rights jurisdiction).

8.     The Court has personal jurisdiction over Defendant City of Auburn.

9.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

## IV.     FACTS

10.    For the last 46 years, Defendant City of Auburn has sponsored an annual Veterans Day Parade that Defendant asserts is one of the largest of its type west of the Mississippi.

COMPLAINT
(Case No.) - 2

ACLU OF WASHINGTON FOUNDATION
901 Fifth Avenue 630
Seattle, Washington  98164
(206) 624-2184

11. Participation in the parade is governed by rules and regulations issued by Defendant.

12. The purpose of the 2012 Auburn Veterans Day Parade is "to positively focus on honoring our country's veterans and active military personnel," and "to give honor to our country's military personnel and veterans and to their military missions of defending freedom around the world." Defendant City of Auburn states that it receives more parade applications than it can approve to participate and approves only those "that most closely meet the goals and purpose" of the parade.

13. Plaintiff Veterans for Peace's mission is to increase public awareness of the costs of war; to restrain our government from intervening, overtly and covertly, in the internal affairs of other nations; to end the arms race and to reduce and eventually eliminate nuclear weapons; to seek justice for veterans and victims of war; and to abolish war as an instrument of national policy. To those ends, Plaintiff Veterans for Peace engages in a range of pro-peace activities, and marching in the Auburn Veterans Day Parade is a significant event that allows Veterans for Peace to communicate its message to a broad audience.

14. On information and belief, Plaintiff Veterans for Peace has participated in the Auburn Veterans Day Parade for the last six years.

15. On or about September 13, 2012, Plaintiff Veterans for Peace submitted an application through Defendant's website to participate in the 2012 Auburn Veterans Day Parade. Plaintiff Veterans for Peace generally described its parade entry as honoring veterans and active military personnel by working to restrain the government from intervening in the affairs of other nations and to abolish war as an instrument of national policy so that no soldier will be ordered to place limb, life, or soul in jeopardy for an unjust or unworthy cause.

16. Plaintiff Veterans for Peace is a "veteran group" consistent with the 2012 parade rules and regulations.

17. Plaintiff Veterans for Peace's participation in the 2012 Auburn Veterans Day Parade is consistent with the parade's purpose as defined by Defendant City of Auburn.

COMPLAINT
(Case No.) - 3

ACLU OF WASHINGTON FOUNDATION
901 Fifth Avenue 630
Seattle, Washington 98164
(206) 624-2184

18. On or about October 4, 2012, Defendant denied Plaintiff Veterans for Peace's parade application on the grounds that the City "receive[s] more applications than [it] can successfully accommodate" in the parade, and that the City has to "choose those that most closely meet the goals and purpose of the event."

19. On or about October 9, 2012, Plaintiff Veterans for Peace appealed the denial, requesting reconsideration of its application to participate in the 2012 Auburn Veterans Day Parade.

20. On or about October 10, 2012, Thomas Campbell, an acquaintance of a Veterans for Peace member, spoke with Daryl Faber, Director of the Auburn Parks, Arts & Recreation Department, who confirmed that the decision to deny Plaintiff's parade application was made because of the organization's message.

21. On or about October 15, 2012, Defendant affirmed the denial of Plaintiff Veterans for Peace's parade application on the grounds that "the parade has too many applicants, [and Defendant] chose those that most closely meet the goals and purpose of the Auburn's (sic) Veterans Day Parade."

22. On October 31, 2012, the City published the 2012 Auburn Veterans Day Parade Line-Up on its website. The parade participants include among others non-veteran groups such as Kiwanis International, Auburn Optimist Club, Daffodil Festival Traveling Float, ABATE of Washington-South King County Chapter (ABATE is a politically active organization working on motorcyclists rights), and the Classical Glass Corvette Club.

## V.    CAUSES OF ACTION

### Violation of the First Amendment of the United States Constitution

23. Plaintiff incorporates by reference paragraphs 1 to 22 of this Complaint.

24. Defendant City of Auburn's decision to refuse to allow Plaintiff to participate in the 2012 Auburn Veterans Day Parade violates the First Amendment of the United States Constitution, which is made applicable to the state entities through the Fourteenth Amendment, as applied. Defendant's reliance on its 2012 parade rules and regulations as justification for its

COMPLAINT  
(Case No.) - 4

ACLU OF WASHINGTON FOUNDATION  
901 Fifth Avenue 630  
Seattle, Washington 98164  
(206) 624-2184

exclusion of Plaintiff from the 2012 parade violates the First Amendment of the United States Constitution as applied and on its face.

25. The 2012 parade rules and regulations grant excessive discretion to government officials to approve or deny applications to participate in the Auburn Veterans Day Parade. The parade rules contain no criteria or standards to guide Defendant's agents in their decision to approve or deny applications. The parade rules provide insufficient procedural safeguards for those wishing to appeal a denial of an application to participate in the parade.

26. The parade rules are not reasonable in light of the purpose served by the forum, and they are not viewpoint neutral.

27. Through the adoption of the parade rules and regulations, Defendant has, under color of state law, deprived Plaintiff and its members of rights, privileges, or immunities secured by the United States Constitution or laws of the United States, and they are subject to liability pursuant to 42 U.S.C. § 1983.

28. The injuries suffered by Plaintiff cannot be fully compensated by monetary damages. If enforcement of the parade rules and regulations is not enjoined, Plaintiff and its members will suffer irreparable injury, including, but not limited to, the chilling of free speech rights.

### VI.    PRAYER FOR RELIEF

Plaintiff respectfully requests the following relief:

A. A temporary restraining order and preliminary relief ordering Defendant to approve Plaintiff's 2012 Auburn Veterans Day Parade application and allow Plaintiff to march in the 2012 Auburn Veterans Day Parade on November 10, 2012;

B. Permanent injunctive relief enjoining Defendant from enforcing the 2012 Auburn Veterans Day Parade rules and regulations and using them in future years for Defendant's annual Veterans Day Parade;

C. A declaratory judgment that the 2012 Auburn Veterans Day Parade rules and regulations are unconstitutional on their face and as applied;

COMPLAINT
(Case No.) - 5

ACLU OF WASHINGTON FOUNDATION
901 Fifth Avenue 630
Seattle, Washington  98164
(206) 624-2184

1  D. Attorneys' fees and costs pursuant to 42 U.S.C. § 1988, or such other authority as may authorize such an award; and

E. Such other relief as this Court deems proper.

DATED: November 5, 2012

By: /s/ Sarah A. Dunne
Sarah A. Dunne, WSBA #34869
dunne@aclu-wa.org

By: /s/ La Rond Baker
La Rond Baker, WSBA #43610
lbaker@aclu-wa.org
ACLU of Washington Foundation
901 Fifth Avenue, Suite 630
Seattle, WA 98164
(206) 624-2184

By: /s/ David Whedbee
David Whedbee, WSBA #35977
davidw@mhb.com
MacDonald Hoague & Bayless
705 Second Avenue, #1500
Seattle, WA 98104
(206) 622-1604

Attorneys for Plaintiff

COMPLAINT
(Case No.) - 6

ACLU OF WASHINGTON FOUNDATION
901 Fifth Avenue 630
Seattle, Washington  98164
(206) 624-2184